IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALLEN SAGAN and JENNIFER )
SAGAN, individually and on behalf of )
Jane Doe, a minor ) No. 3-09-1003
 )
v. )
 )
SUMNER COUNTY BOARD OF )
EDUCATION; and DONNA )
WEIDENBENNER, individually and in )
her official capacity as the Special Needs )
Teacher of Station Camp Elementary )
School )

O R D E R

Pursuant to the order entered October 1, 2010 (Docket Entry No. 63), a hearing was held on October 12, 2010, at which time the following matters were addressed:

1.    The motion to quash filed by the Tennessee Department of Children's Services ("DCS") (Docket Entry No. 53) was DENIED in substantial part.

2.    The motion to quash filed by Cheryl Valenti (Docket Entry No. 61) was GRANTED.

3.    The defendants' motion to modify initial case management orders (Docket Entry No. 62) was GRANTED in part and DENIED in part.

Motion to Quash Filed by DCS

Plaintiffs' counsel advised that he had no objections to the defendants' obtaining the information sought by the subpoena duces tecum served on DCS.

DCS and the defendants shall enter into a proposed protective order, to be filed as soon as possible, providing that the names of the reporters, Social Security numbers and other identifying information shall be redacted from the documents sought by the defendants. Thereafter, DCS shall provide the records, as redacted, sought pursuant to the subpoena to counsel for the plaintiffs and the defendants.

The parties shall schedule the deposition of Mindy Guy, the DCS child abuse investigator, as soon as possible.

Motion to Quash Filed by Cheryl Valenti

The parties took the deposition of Cheryl Valenti, who has worked with defendant Weidenbenner for 12 years, but counsel for defendant Weidenbenner did not complete his examination because plaintiffs' counsel had to leave before the deposition was completed.[1] Defendants' counsel explained that they sought medical and psychological records of Cheryl Valenti because she testified in her deposition about her physical and mental health issues and their effects on her memory. They contend that any privilege has been waived because of her testimony and the fact that she was a voluntary witness for the plaintiffs. Counsel for defendant Weidenbenner explained that he needed the records in the event that Ms. Valenti contradicted information in her physical or mental health records in her second deposition and so that he would not be constricted in his cross-examination of Ms. Valenti.

However, there is no indication that Ms. Valenti had or would contradict information in her medical records in her second deposition. Further, defendants' counsel shall not be constricted in their examination of Ms. Valenti in her second deposition. Therefore, the Court found that there was no need for her medical records to be produced, and, taking into account the potentially sensitive nature of those records and her privacy interests, without even addressing whether she waived any privilege, the Court found that the subpoenas should be quashed.

The medical providers have already produced the medical records to counsel for defendant Weidenbenner. He returned the records that he had brought to the hearing to counsel for Ms. Valenti and he shall return copies of those records located in his office to counsel for defendant Valenti.

---

[1] In their response to the motion to modify, plaintiffs' counsel maintained that counsel for defendant Weidenbenner "chose to adjourn Ms. Valenti's deposition pending discovery of her psychological records." Docket Entry No. 64, at 3-4.

Counsel for Ms. Valenti shall maintain those records in his office until the conclusion of this case or until the parties represent to him it is no longer necessary for him to continue to maintain the records.

The continuation of Ms. Valenti's deposition shall be scheduled as soon as possible, particularly because of the potential effect of Ms. Valenti's testimony on the defendants' expert disclosures.

Motion to Modify

The plaintiffs opposed any modification of the scheduling deadlines, arguing that the defendants had not provided good cause for such modification. Defendants maintained that, until they had completed fact discovery, including the continued deposition of Cheryl Valenti and examination of the DCS records, they were unable to determine the scope of any expert disclosures, particularly relating to whether or not forced feeding was at issue in the case. The defendants anticipate disclosing three experts, including a psychologist, an expert in school administration, and a feeding expert. Defendants explained, however, the feeding expert will not be necessary at all if forced feeding is not an issue. Defendants cited problems with completing discovery in accord with established deadlines because they have received medical records for the children right before or during depositions of their parents and they anticipate delays because the plaintiffs in this case have moved to Florida and the child is being treated by a new pediatrician and therapist. They also point to the fact that their psychologist has not interviewed the children and that they cannot read Dr. Woodman's progress notes. Plaintiffs' counsel agrees that the defendants' psychologist is entitled to interview the children before he produces his report, but contended that the defendants had not sought to schedule those interviews or to obtain more legible copies of Dr. Woodman's treatment notes on a timely basis.[2]

---

[2] The Court has not recounted all of the problems the defendants recite they have encountered or all of the delays for which the plaintiffs contend the defendants are responsible, as addressed on October 12, 2010, and as addressed in the defendants' motion (Docket Entry No. 62), and the

As plaintiffs' counsel correctly points out, the defendants originally resisted imposing the scheduling deadlines addressed at the initial case management conference held on December 17, 2009, and as provided in the orders entered January 11, 2010 (Docket Entry Nos. 17-18), contending that there was simply insufficient time to complete the necessary fact discovery and disclose and discover the parties' respective expert witnesses. Because there were at that time six pending cases and one case additional anticipated case, extending scheduling deadlines as requested by the defendants would have required that more than one trial be scheduled in 2012, because the scheduling of seven trials required some breaks in between the successive trials. Therefore, at that time, the Court was unwilling to begin scheduling the first of the seven trials later than March of 2011. Initially, scheduling deadlines were provided so that deadlines in the four later filed cases were 60 days after the deadlines in the three earlier cases. However, for understandable and legitimate reasons, the parties have effectively consolidated discovery together in all seven cases. Thus at least in part as a result, the work required to prepare the cases increased. While the plaintiffs can certainly point to actions that the defendants could have taken earlier, these cases have not permitted any party to simply sit back without being actively engaged in the cases. Fourteen depositions of the parents were completed by mid-June of 2010. Although some were relatively short, the plaintiffs took 17 depositions in June, and 13 depositions were taken in August of 2010. In addition, dispositive motions have been filed, and discovery disputes addressed.

Taking the parties' respective positions in account, the following deadlines are extended:

1. The September 30, 2010, deadline for the defendants to serve expert disclosures is extended to November 30, 2010.

2. The October 1, 2010, deadline for the parties to begin to take expert depositions is extended to December 1, 2010.

3. The November 15, 2010, deadline for completion of expert depositions is extended to January 3, 2011.

---

plaintiffs' response (Docket Entry No. 64).

The extensions are not exactly what the plaintiffs sought, see Docket Entry No. 62, at 8, but they comport with the deadlines already established in the last four filed cases, which are not altered.

However, the November 1, 2010, deadline for filing dispositive motions is not extended. It appeared to the Court that the defendants' expert disclosures and expert discovery will not impact any dispositive motion. Thus, it does not appear that there is any need for the defendants to seek to continue the trial.[3]

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] The Magistrate Judge cannot extend any deadlines that would require that the dispositive motion deadline be set in violation of Local Rule 16.01(d)(2)(f) and the Magistrate Judge cannot reschedule the trial.